838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David L. HAMILTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel R. MIRRO, Defendant-Appellant.
 Nos. 87-5596, 87-5597.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 8, 1988.
Decided: Feb. 3, 1988.
 
 Kenneth Warren Smith (Smith & Smith on brief) for appellants.
 Catherine Donovan, Special Assistant United States Attorney, Office of the Staff Judge Advocate (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and JAMES PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Hamilton and Daniel Mirro were convicted, following a bench trial before a federal magistrate, of driving while intoxicated (third offense in ten years) and operating a motor vehicle after suspension of license, in violation of Virginia law as it applies to federal enclaves through the Assimilative Crimes Act, 18 U.S.C. Sec. 13 (1982). The district court affirmed the convictions, and Hamilton and Mirro appealed to this court. We find none of the asserted grounds for reversal to be meritorious and therefore affirm.
 
 
 2
 * Hamilton and Mirro were arrested on the evening of February 9, 1987, while they were driving north on U.S. Route One, which passes through portions of Fort Belvoir, a federal military enclave. The arresting officers were two Fort Belvoir military policemen, who first noticed Hamilton and Mirro when the truck in which they were travelling pulled over to the side of the road near the Fort's Lieber Gate. The officers saw a man get out of the truck on the driver's side, walk unsteadily around the rear of the vehicle, and climb into the passenger's seat. At the same time, they saw a second man get out of the truck on the passenger side, walk around the vehicle, and climb into the driver's seat. The truck then drove off down Route One, weaving in and out of its lane. After following it for some time, the officers pulled it over and asked the occupants to get out. Hamilton climbed out of the driver's seat, and Mirro got out on the passenger side. Both men smelled strongly of alcohol and had trouble standing. Each produced a driver's license upon request, but Mirro's had the word "REVOKED" stamped across it.
 
 
 3
 The officers took Hamilton and Mirro down to the police station, where they were given breathalyzer tests. The machine showed Hamilton's blood alcohol level to be .22 and Mirro's to be .17. When the officers learned that the licenses of both men were currently under suspension, they charged each of them with driving while intoxicated and operating a motor vehicle while under suspension of license, in violation of Va.Code Ann. Secs. 18.2-266 and 46.1-350, as assimilated by 18 U.S.C. Sec. 13. Several weeks later, the government filed a superseding information notifying the defendants that it intended to seek the enhanced penalties available under Va.Code Ann. Sec. 18.2-270 for the violation of Va.Code Ann. Sec. 18.2-266, alleging that the defendants each had two previous offenses for driving while intoxicated within the past ten years.
 
 
 4
 Hamilton and Mirro waived their rights to trial before a jury, entered pleas of not guilty, and consented to be tried together before a federal magistrate. At trial, the government introduced, over the defendants' objection, copies of their Virginia Division of Motor Vehicles (DMV) records, which revealed the prior offenses and suspensions. The magistrate found Hamilton guilty of driving while intoxicated (third offense in ten years), but not guilty of driving while under suspension, because there was no evidence that he knew his license had been suspended. As for Mirro, who had been carrying a license marked "REVOKED," the magistrate found him guilty of both driving while intoxicated (third offense in ten years) and driving while under suspension. The defendants appealed their convictions to the district court, which affirmed. This appeal followed.
 
 II
 
 5
 On appeal, Hamilton and Mirro claim first that the trial court lacked subject matter jurisdiction over this prosecution because the government failed to produce sufficient evidence that the offenses charged were committed within a federal enclave. They concede that Fort Belvoir is a federal enclave, but argue that the government did not prove that the portion of Route One on which they were driving was within its confines. We disagree. Although territorial jurisdiction must be proven in these assimilative crimes cases, the prosecution is not required to establish it by proof beyond a reasonable doubt, as it must the substantive elements of an offense. Rather, the prosecution need only prove the jurisdictional fact by a preponderance of the evidence. See United States v. Bowers, 660 F.2d 527, 531 (5th Cir.1981) (that offense occurred on military enclave). Applying this standard of proof, we find that the government met its burden of proving that the offenses charged occurred within a federal enclave. Two experienced military policemen testified that they knew the boundaries of Fort Belvoir and were certain that the portion of Route One on which they arrested the defendants was within those boundaries. This evidence, viewed in the light most favorable to the government, was more than sufficient to support a finding that offenses charged were committed within the boundaries of Fort Belvoir, and that in turn was sufficient to support federal jurisdiction.
 
 
 6
 Hamilton and Mirro claim next that there was insufficient evidence of their prior DUI offenses to justify the imposition of Sec. 18.2-270's more severe penalties, because the government's only evidence of the prior offenses, the certified copies of their DMV records, was inadmissible as hearsay. This argument has no merit, for the records, which were self-authenticating under Fed.R.Evid. 902(2), were admissible under the public records exception to the hearsay rule, Fed.R.Evid. 803(8)(A).
 
 
 7
 Mirro contends that there was insufficient evidence that he was driving the truck to support his conviction on either charge. We disagree. It is undisputed that there were only two men in the truck. One of the military policemen testified that he saw Mirro climb out of the driver's seat immediately after the truck pulled over to the side of the road, and that he saw Hamilton climb out of the passenger seat at the same time. We think this evidence, viewed in the light most favorable to the government, was sufficient to support an inference that Mirro was driving the truck when it stopped near Lieber Gate. See United States v. Wilmer, 799 F.2d 495, 502 (9th Cir.1986) (evidence that defendant's arm was seen waiving out window on driver's side sufficient to support finding that he was operating the vehicle).
 
 
 8
 Finally, Mirro contends that his conviction for driving while under suspension must be reversed because there was insufficient evidence that he knew his license had been suspended, citing Bibb v. Commonwealth, 183 S.E.2d 732 (Va.1971) (to support conviction under Sec. 46.1-350, government must show accused knew his license had been suspended). This argument has no merit. The license Mirro was carrying at the time of his arrest had the word "REVOKED" stamped across it, and we think this was sufficient to support an inference that Mirro had actual knowledge that his license had been suspended, notwithstanding the use of the more severe term "REVOKED."
 
 
 9
 We find the remaining allegations of reversible error to be without merit. The convictions are therefore affirmed.
 
 
 10
 AFFIRMED.