## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

 v.

Shane Hinkle

### January 22, 1992

### Case No. (Criminal) 72876

By Judge Thomas S. Kenny

On January 16, I took under advisement the question of whether one whose driver's license had been administratively suspended for failure to satisfy a judgment, but who did not have actual knowledge of such suspension, can be convicted for driving without a valid operator's license. I hold that he cannot.

Shane Hinkle's driver's license was suspended by the Division of Motor Vehicles on January 10, 1991, for an unsatisfied judgment dating from August, 1990. On February 25, 1991, the Sheriff of Fairfax County filed a return showing that his attempts to serve a copy of the suspension order on Hinkle were unsuccessful because he could not be found in this jurisdiction.

On April 16, 1991, Mr. Hinkle was stopped for speeding and for an HOV violation on Route I-66. He had a Virginia license in his possession, but when the state trooper ran it on his computer it showed as being suspended. The trooper returned to Mr. Hinkle's car and asked him about the status of his license, whereupon Mr. Hinkle became upset, almost crying. He told the trooper that it may have been for unpaid fines, but also said that he thought all the fines had now been paid and that he did not know his license had been suspended. The trooper charged him with driving on a suspended license. In General District Court, Mr. Hinkle was convicted of driving with no valid license held, rather than driving on suspended. He appealed that conviction to the Circuit Court.

Mr. Hinkle continues to maintain that he did not know of the suspension by the DMV. In fact, he claims that he did not even know

about the lawsuit filed against him which resulted in the unsatisfied judgment. He further testified that at the time he was stopped on I-66, his license showed an address on Portwood Trail, where he had lived in 1989; that he had moved to an address on Northeast Place in September, 1990, and notified DMV of this move[1]; and that in February, 1991, when the sheriff was trying to serve him with the order of suspension, he was living in a homeless shelter. There was no evidence of where he is now living or whether he had communicated any address to DMV since the Northeast Place change in 1990.

I believe that this case is controlled by *Bibb v. Commonwealth*, 212 Va. 249 (1971). In that case, Bibb had attended a hearing at DMV to determine whether his license should be suspended, but a decision was not made at that hearing. Instead, the commissioner promised to mail a notice of his decision to Bibb. Several weeks later, shortly before the decision to suspend his license was mailed to him, Bibb moved without notifying the DMV or leaving a forwarding address. Consequently, the notice was returned to DMV as undeliverable. The Supreme Court held that under these circumstances, the defendant could not be convicted of driving on a suspended license since Bibb clearly did not know of the suspension.

In this case, *Bibb* would bar a conviction for the originally charged offense of driving on a suspended license. Can the Commonwealth get around *Bibb* by amending the charge to a lesser one of driving without a valid license? I think not. If actual knowledge is required for the one offense, there is no good reason to dispense with such knowledge for the other. *See also* Judge Woltz's opinion in *Commonwealth v. Thompson*, 10 Va. Cir. 278 (1987) (actual knowledge of adjudication required for habitual offender conviction).

The Commonwealth urges me to infer that Hinkle did have knowledge of his suspended status because of his nervous behavior when the trooper questioned him about it. The evidence supports a conclusion that Mr. Hinkle may have once been concerned about unpaid traffic fines, but thought that they were taken care of. There is nothing in the evidence to suggest he knew anything about an unsatisfied judgment or a suspension arising out of that. As for being nervous, I

---

[1] The fact that the ticket written by Trooper Diamond uses the Northeast Place address rather than the Portwood Trail address appearing on his license supports this contention by Mr. Hinkle.

should think that most people would react similarly if a state trooper broke the news to them that their license had been suspended.

I am not sure that the evidence supports a claim that Mr. Hinkle failed to keep the DMV advised of his address and thereby contributed to his lack of knowledge. However, even if that had been the case, it would not appear to make any difference, since that is precisely the behavior engaged in by the defendant in *Bibb*.

For the foregoing reasons, the defendant is found not guilty of the offense of driving without a valid license.[2]

---

[2] This does not mean that the underlying suspension by DMV is invalid. Now that the defendant does in fact have actual knowledge of the suspension, he is not at liberty to drive until that suspension has been removed.