## CIRCUIT COURT OF THE CITY OF RICHMOND

City of Richmond

 v.

James T. Carter, Jr.

 Case No. M-96-2581

City of Richmond

 v.

Lee R. Truelove, Jr.

 Case No. M-96-2583

City of Richmond

 v.

David E. Shoaf

 Case No. M-96-2582

 January 15, 1997

BY JUDGE DONALD W. LEMONS

The matters before the Court are three appeals from convictions for failure to wear an approved helmet as required by Virginia Code § 46.2-910. Defendants agreed to have their cases consolidated. The Court heard evidence on the merits and on a Motion to Suppress/Dismiss on October 3, 1996. For the reasons stated at the trial, the defendants' Motion to Suppress was denied.

Section 46.2-910 of the Virginia Code, on the date of the offense read in pertinent part:

> [O]perators and any passengers thereon shall wear protective helmets. The Superintendent of State Police shall establish standards for the ... protective helmets required in this section.

The standards set forth by the Superintendent of State Police are contained in 19 Virginia Administrative Code §§ 30-60-10 to -70. These regulations require testing and specifications for helmets as outlined in American National Standards Institute Z90.1-1992 Standard. One of the requirements of the regulation is that the helmet be "permanently labeled with ... a readily identifiable mark or number to indicate compliance with the specifications." 19 V.A.C. 30-60-60.

Motorcycle helmets are also regulated according to Motor Vehicle Safety Laws codified in 49 U.S.C. § 30101 et seq. The federal standard also requires a labeling of the helmet to indicate compliance. The defendants argue that the standards are so complicated that a casual inspection of a helmet cannot reveal whether the helmet meets specifications and that an operator or a passenger of a motorcycle must rely upon labeling.

In these cases, there was evidence that the helmets worn by Carter and Truelove were labeled as approved by the Department of Transportation and the helmet worn by Shoaf could have been. Because the helmets were labeled properly and in the absence of other evidence to the contrary, this Court cannot find, beyond a reasonable doubt, that they did not meet the specifications. Even if the Court could determine that the helmets did not meet specifications, the Commonwealth must prove the *mens rea* element of offense beyond a reasonable doubt. This could be done by showing that the helmet was not properly labeled or that the operator in some other way knew that the helmet did not meet the requirements. *Cf. Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486 (9th Cir. 1996); *Reed v. Commonwealth*, 15 Va. App. 467, 424 S.E.2d 718 (1992). Under the circumstances of these cases, the Commonwealth has not proved beyond a reasonable doubt that the defendants knew they were wearing helmets that did not comply with specifications.

For the foregoing reasons, the defendants are found not guilty and the charges are dismissed.