## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Walter Wellington Wiley

January 30, 1997

Case No. CR97-01

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendant has made a motion to strike the Commonwealth's evidence in this felony habitual offender case on the grounds that the Defendant did not receive actual notice of his adjudication or of his prohibition not to drive. The Commonwealth claims that the Defendant's prior conviction of a misdemeanor habitual offender violation provides adequate notice. The case is determined on its unique facts, and they resolve themselves in favor of the Defendant.

The Defendant has cited *Reed v. Commonwealth*, 15 Va. App. 467 (1992), for the proposition that the Defendant must:

> receive actual notice of having been declared an habitual offender and directed not to drive before he can be convicted and imprisoned for driving after having been declared an habitual offender.

The cases decided since *Reed* uniformly hold that actual notice and not constructive notice is necessary for conviction.

If the Defendant had been tried in his absence in General District Court on the prior habitual offender violation, then his notice would be constructive at best. If he was physically present at that trial, then he had actual notice of his habitual offender status, and, by pleading guilty, he would have admitted each and every element of the offense. The back of the warrant of the previous misdemeanor conviction is marked in such a way that it is impossible to determine if he was physically present at that trial. The Commonwealth has the duty to prove each and every element of a crime beyond a reasonable doubt,

and they have failed to prove the requisite notice. Accordingly, the Defendant's motion to strike is granted, and the charge against the Defendant is dismissed.