**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                No. 97-4086

FRED ALBERT TATE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-356-A)

Submitted: October 14, 1997

Decided: October 29, 1997

Before HALL and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale Warren Dover, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Brian P. Lennon, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Fred Albert Tate appeals his conviction for operating a motor vehicle after having been adjudicated an habitual offender; this being his second or subsequent such offense. Tate was arrested on the Marine Corps military base in Quantico, Virginia ("MCB Quantico" or "the base"). Because there is no federal statute covering this offense, Tate was charged under the Assimilated Crimes Act ("ACA"), 18 U.S.C.A. § 13 (West Supp. 1997), with violating the applicable Virginia statute, Va. Code Ann. § 46.2-357(B)(3) (Michie Supp. 1997).[1] Tate challenges the district court's denial of his motion to suppress statements made to the military police and the denial of his motion seeking a judgment of acquittal.[2] We affirm.

Tate drove a motor vehicle onto Fuller Road into the visitor's lane at Gate One at MCB Quantico without a Department of Defense (DOD) decal or Town of Quantico sticker.[3] Tate asked for directions to a location on the base. The sentry gave Tate the requested directions and asked Tate for a driver's licence to record his name, driver's license number, vehicle's license plate number, and intended destination in the visitor's pass log.[4] Tate informed the sentry that he did not have his wallet and could not produce his license. When asked if he were licensed to drive in the Commonwealth of Virginia, Tate responded affirmatively. The sentry then asked for Tate's social security number for a routine check through the Virginia Criminal

_____

[1] Under the ACA, "in the absence of a governing federal statute, a person who commits a state crime on a federal enclave`shall be guilty of a like offense and subject to a like punishment.'" United States v. Pierce, 75 F.3d 173, 176 (4th Cir. 1996) (quoting 18 U.S.C.§ 13(a); see United States v. Harris, 27 F.3d 111, 115 (4th Cir. 1994)).
[2] See Fed. R. Crim. P. 29.
[3] At Gate One, there are two lanes of inbound traffic--one for vehicles with Department of Defense (DOD) decals and one for visitors to the base and residents and visitors to the Town of Quantico.
[4] This request was made pursuant to Provost Marshals Instruction 23-90, which requires gate sentries to maintain an accurate visitor pass log and that visitors show a valid state driver's license.

Information Network (VCIN) to confirm Tate's identity and ensure that he was a licensed driver. Tate complied. The sentry then instructed Tate to pull to the side of the road so as not to obstruct traffic.

While the routine VCIN check was being completed, Tate approached the sentry and told him that the report would show that his licence was suspended and stated that he didn't want to go to jail. Tate then asked if he could leave. The sentry declined. The VCIN check revealed that Tate's driving privileges had been revoked in the Commonwealth of Virginia because he had previously been adjudicated an habitual offender. Tate was immediately arrested and taken to the military police station on the base.

Because Tate's offense occurred on a closed military base, which is not subject to the Fourth Amendment's requirement of probable cause for searches and seizures, the district court denied Tate's motion to suppress the statements he made to the gate sentry. Further, in denying Tate's Rule 29 motion for judgment of acquittal, the district court found that Tate had notice of the order declaring him to be an habitual offender and held that Fuller Road is a highway of the Commonwealth of Virginia.

Both parties here recognize that searches and seizures of closed military bases are exempt from the Fourth Amendment's requirement for probable cause.[5] The question we must decide in this appeal is whether MCB Quantico is a closed military base. We find that it is. The base houses the Marine Corps' Presidential helicopter squadron as support for the President of the United States. The base also serves as headquarters for the Marine Corps' Systems Command, training every Marine Corps officer, as well as many high-ranking foreign military officers. There are signs posted at every gate, stating that the base is closed and warning of the possibility of search of all entering persons and their vehicles. Because of the highly public or national interest issues involved, we find that Tate had no right of unrestricted access to MCB Quantico; thus the military police were not restricted by the probable cause requirements of the Fourth Amendment. Therefore, the district court properly denied Tate's suppression request.

_____

**5** **See United States v. Jenkins**, 986 F.2d 76, 78 (4th Cir. 1993).

3

We review a district court's denial of a motion for judgment of acquittal under a sufficiency of the evidence standard.[6] In reviewing the sufficiency of the evidence supporting a criminal conviction, our role is limited to considering whether "there is substantial evidence, taking the view most favorable to the Government, to support it."[7] Reversal for insufficient evidence is reserved for the rare case "where the prosecution's failure is clear."[8]

Virginia's Habitual Offender Statute provides:

> It shall be unlawful for any person to drive any motor vehicle . . . on the highways of the Commonwealth while the revocation of the person's driving privileges remains in effect . . . . Any person found to be an habitual offender under this article who is thereafter convicted of driving a motor vehicle in the Commonwealth while the revocation determination is in effect shall be punished as follows . . . .[9]

To obtain a conviction under the habitual offender statute, the Government must prove that the defendant had actual notice that he had been declared an habitual offender.[10] Here, Tate does not challenge that he had actual notice of his adjudication as an habitual offender. But he does contend that he was entitled to a judgment of acquittal because the Government failed to prove that Fuller Road met the statutory definition of being a "highway of the Commonwealth." Tate bases this contention on the premise that Fuller Road is not open to the public because the Marine Corps has the absolute authority to close a portion of that road leading into the base. We disagree.

The Virginia Habitual Offender Statute plainly provides that if any person is convicted of driving a motor vehicle in the Commonwealth after being adjudicated as an habitual offender and while the revoca-

---

[6] **See United States v. Brooks**, 957 F.2d 1138, 1147 (4th Cir. 1992).
[7] **Glasser v. United States**, 315 U.S. 60, 80 (1942).
[8] **Burks v. United States**, 437 U.S. 1, 17 (1978).
[9] Va. Code Ann. § 46.2-357.
[10] **See Reed v. Virginia**, 424 S.E.2d 718, 720-21 (Va. App. 1992); see generally Long v. Virginia, 478 S.E.2d 324, 327-28 (Va. App. 1996).

4

tion determination is still in effect, then that person shall be punished according to its terms.[11] Therefore, there is no requirement that the offensive driving be done on the highways of the Commonwealth of Virginia. Accordingly, because Tate does not contest that he was within the physical geographical confines of the Commonwealth of Virginia when arrested, his challenge to the sufficiency of the evidence supporting his conviction must fail.

For the foregoing reasons, we affirm Tate's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

[11] <u>See</u> Va. Code Ann. § 46.2-357.

5