COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


RODNEY LEE RUCKER, A/K/A
 RONNIE LEE RUCKER
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1343-97-3      JUDGE SAM W. COLEMAN III
                                         DECEMBER 1, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

           Joseph A. Sanzone for appellant.

           H. Elizabeth Shaffer, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Rodney Lee Rucker was convicted in a bench trial for driving

after having been adjudicated an habitual offender in violation

of Code § 46.2-357.  Rucker contends the trial court erred in

enforcing the 1979 order declaring him an habitual offender

because (1) the order misstated his name, and (2) he believed in

good faith, based on information from the Department of Motor

Vehicles (DMV), that the habitual offender order was no longer in

effect.  Finding no error, we affirm the conviction.

     On June 18, 1979, Amherst County Circuit Court adjudicated

Rucker an habitual offender under the name "Ronnie Lee Rucker."

On October 22, 1986, the same court, Judge Goade presiding,

convicted "Ronnie Lee Rucker" of driving after having been

--------
     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

declared an habitual offender, for which Rucker served a penitentiary sentence.

The case which is the subject of this appeal arose on November 25, 1996, when Rucker was arrested for driving after having been declared an habitual offender. Subsequently, a grand jury indicted appellant as "Ronnie Lee Rucker." Throughout the trial, however, the court, both parties, and all paperwork referred to appellant as "Rodney Lee Rucker." At trial, Rucker did not object to the admission of the 1979 order declaring "Ronnie Lee Rucker" to be an habitual offender, the 1986 conviction order for "Ronnie Lee Rucker," or the 1997 DMV transcript for "Ronnie Lee Rucker."

Rucker testified that according to the DMV's records he was eligible at the time of the alleged offense to obtain a driver's license. Based on this information, Rucker attempted the driver's test three times -- once prior to his arrest and twice after his arrest. According to Rucker, he passed the exam on his third attempt and had obtained a license at the time of trial.

Rucker argues that the 1979 order declaring "Ronnie Lee Rucker" an habitual offender is insufficient to prove that he is an habitual offender because it inaccurately reports his name and the evidence fails to show that they are the same person. The Commonwealth responds that Rule 5A:18 bars appellant from arguing that the order does not apply to him because he did not object to its introduction at trial. Indeed, appellant did not, nor does

he now, object to the admissibility of the habitual offender order. Appellant did, however, argue at trial, as he does now, that the misnomer casts doubt on whether he is an habitual offender and whether the habitual offender order is enforceable against him. Appellant's arguments at trial were sufficient to preserve the issue for appeal.

Nevertheless, we reject Rucker's argument. The evidence at trial, viewed in the light most favorable to the Commonwealth, Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), was sufficient to establish that the 1979 habitual offender order for "Ronnie Lee Rucker" applied to the appellant, Rodney Lee Rucker. The evidence proves that the appellant was the same individual named in the 1979 order. Despite the misnomer, appellant was aware that he had been adjudicated an habitual offender in 1979 in the name "Ronnie Lee Rucker." The 1997 DMV transcript (for "Ronnie Lee Rucker") lists both the June 18, 1979 adjudication as an habitual offender, and the October 22, 1986 conviction for driving after having been declared an habitual offender. Significantly, the date of birth and the Social Security number on the "Ronnie Lee Rucker" DMV transcript correspond to those that this appellant gave the arresting officer. In addition, the prior address and the date of birth on the DMV transcript match those on the 1979 habitual offender order. Finally, in reference to the 1986 conviction, appellant conceded that he was the "same fellow Judge Goade sent to the

penitentiary for two years after having been adjudicated" an habitual offender. Ample evidence establishes that the appellant, Rodney Lee Rucker, is the same person as "Ronnie Lee Rucker" who was declared an habitual offender in 1979, convicted in 1986, and now charged again in 1996. Accordingly, because the record establishes that Rucker was present at, and therefore aware of, his 1979 adjudication as an habitual offender, the trial court did not err in giving full effect to the 1979 habitual offender order despite the misnomer.

Next, Rucker contends that he did not have the requisite mens rea to commit the offense because he believed in good faith that he was no longer an habitual offender. To convict appellant of driving after having been declared an habitual offender, the Commonwealth must prove that Rucker knew at the time of the offense that he was prohibited from driving by an habitual offender order. See Reed v. Commonwealth, 15 Va. App. 467, 468, 424 S.E.2d 718, 718 (1992). Viewing the evidence in the light most favorable to the Commonwealth, Higginbotham, 216 Va. at 352, 218 S.E.2d at 537, it proved that appellant knew he was subject to a valid habitual offender order. The 1979 habitual offender order states that appellant was present at his habitual offender adjudication. Therefore, he had actual notice of the order. Proof of actual notice of the proceeding establishes the knowledge necessary to prove mens rea or scienter. Cf. Reed, 15 Va. App. at 473, 424 S.E.2d at 722 (finding the Commonwealth's

-4-

failure to prove actual notice of an order adjudicating a defendant an habitual offender grounds for reversal); Bibb v. Commonwealth, 212 Va. 249, 183 S.E.2d 732 (1971) (holding that defendant who had attended a hearing regarding driving on a suspended license, but was unaware of the hearing's outcome, lacked the required notice for conviction of driving with a suspended license).

Rucker's belief that his habitual offender status had been lifted, even though based on information from the DMV, does not shield him from conviction of driving after having been adjudicated an habitual offender. By statute, an individual subject to an habitual offender order may only have his privilege to drive restored by court order. See Code § 46.2-356. At trial, Rucker admitted that, at the time of the offense, he had not obtained a license or a court order restoring his privilege to drive. Having been duly notified of his status as an habitual offender, and having failed to have his eligibility to drive restored by a court order, appellant's misunderstanding of the license restoration process is no defense to his conviction. Additionally, evidence that the DMV, apparently mistakenly, issued the appellant a license subsequent to the arrest has no impact on appellant's status at the time of the offense.

Accordingly, we affirm the conviction.

Affirmed.