COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


PAULUS THENDOLL OWENS

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1060-98-2          JUDGE RICHARD S. BRAY
                                             MAY 4, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

          William T. Linka (Boatwright & Linka, on
          brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Paulus Thendoll Owens (defendant) was convicted by the trial

court for operating a motor vehicle after being adjudged an

habitual offender, a violation of Code § 46.2-357(B).  On appeal,

defendant challenges the sufficiency of the evidence to prove

actual notice of the adjudication.  We disagree and affirm his

conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The judgment of the trial court will not be set aside unless plainly wrong or without support in the evidence.  See Code § 8.01-680.

On October 1, 1997, State Trooper J.L. Bradford observed defendant speeding and "pulled [him] over."  When Bradford inquired "about his license," defendant initially acknowledged "that he doesn't [sic] have his license," but denied that his privileges were "suspended."  Defendant then "changed his mind" and confessed that he "was suspended," adding that he "didn't know he was a habitual offender."  Following further investigation by Bradford, defendant was arrested for driving while intoxicated and after having been declared an habitual offender, the instant offense.

At trial, the Commonwealth introduced a certified DMV "Transcript of [defendant's] Driver History," which reflected an habitual offender adjudication by the Richmond General District Court on September 3, 1996, together with the attendant show cause and final orders.  The adjudication order recited that defendant

-

had failed to appear at the hearing, despite personal service of the show cause order on May 2, 1996.  The documentary evidence further established that an "appeal [was] noted" of the order, but "not perfected," and a "copy [of the order had been] mailed to [defendant]" on October 3, 1996.  Nevertheless, relying upon Reed v. Commonwealth, 15 Va. App. 467, 424 S.E.2d 718 (1992), defendant contends that such evidence failed to establish actual notice of the adjudication, a proof indispensable to the instant conviction.

Code § 46.2-357(B) punishes "any person found to be an habitual offender . . ., who is thereafter convicted of driving a motor vehicle . . . while the revocation determination is in effect."  However, "Code § 46.2-355 . . . requires that the person receive actual notice of having been declared an habitual offender and directed not to drive before he can be convicted and imprisoned for driving after having been declared an habitual offender."  Reed, 15 Va. App. at 471, 424 S.E.2d at 720-21.  Thus, the Commonwealth must prove actual notice of an habitual offender adjudication to support a conviction for violation of Code § 46.2-357.  See id. at 471-72, 424 S.E.2d at 720-21.

Here, the record clearly reflects that an appeal was noted from the adjudication order.  "An appeal [from a general district court judgment] may be noted by a party or by the attorney for such party."  Rule 7A:13; see also Code § 16.1-106.  "In the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties."

-

<u>Robertson v. Commonwealth</u>, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991) (citations omitted).  "The attorney-client relationship presumes that attorney and client, as servant and master, will communicate about all the important stages of the client's . . . trial."  <u>Hunter v. Commonwealth</u>, 15 Va. App. 717, 722, 427 S.E.2d 197, 201 (1993); <u>see</u> <u>also</u> Code § 8.01-314.  Guided by these principles, the record establishes that an appeal of the order was properly noted by defendant or his attorney in compliance with the Rules of Court, a circumstance sufficient to prove that defendant was actually cognizant of its import, directly or through counsel.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

-