COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


VENESSA M. MONGER

                                 MEMORANDUM OPINION[*] BY

v.    Record No. 1341-00-2       JUDGE JEAN HARRISON CLEMENTS
                                  NOVEMBER 20, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

Randall J. Trost (Randall J. Trost, P.C., on
brief), for appellant.

Steven A. Witmer, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Venessa M. Monger was convicted in a bench trial of operating

a motor vehicle after having been declared an habitual offender,

in violation of Code § 46.2-357.  On appeal, she contends the

trial court erred (1) in finding the evidence sufficient to prove

she had actual notice of her habitual offender status and (2) in

refusing to admit into evidence a tape-recorded telephone

conversation between her son and attorney.  For the reasons that

follow, we affirm the conviction.

As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

## I.  SUFFICIENCY OF THE EVIDENCE

Monger contends the evidence presented at trial was insufficient to sustain her conviction because it failed to prove beyond a reasonable doubt that she had actual notice of having been declared an habitual offender and ordered not to drive.

The Commonwealth initially argues that this issue is procedurally barred on appeal because it was not presented to the trial court.  We have held that, "in a bench trial, where a defendant wishes to preserve a sufficiency motion after presenting evidence, the defendant must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict."  Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995).

Here, Monger did not move to strike the evidence or set aside the verdict at trial.  Her attorney did, however, raise the issue of notice during closing argument.  He argued that the evidence presented "raise[d] a doubt in the mind about [Monger] knowing that she was declared a[n] habitual offender."  We find that this argument gave the trial court and the Commonwealth the opportunity to intelligently address, examine, and resolve this issue at the trial level.  The issue was, therefore, preserved and is properly

-

before us on appeal.  See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc); Rule 5A:18.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997).  "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998).  We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact[ ]finder's determination."  Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).  We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

"The Commonwealth bears the burden of 'proving beyond a reasonable doubt each and every constituent element of a crime before an accused may stand convicted of that particular offense.'"  Bruce v. Commonwealth, 22 Va. App. 264, 268, 469 S.E.2d 64, 67 (1996) (quoting Martin v. Commonwealth, 13 Va. App. 524, 529, 414 S.E.2d 401, 403 (1992) (en banc)), aff'd, 256 Va.

-

371, 506 S.E.2d 318 (1998).  Thus, to convict Monger of operating

a motor vehicle after having been declared an habitual offender,

in violation of Code § 46.2-357, the Commonwealth had to prove

beyond a reasonable doubt, inter alia, that Monger had actual

knowledge that she had been declared an habitual offender and

ordered not to drive.  See Reed v Commonwealth, 15 Va. App. 467,

471, 424 S.E.2d 718, 720 (1992).

Here, the evidence proved that on April 3, 1997, the

Department of Motor Vehicles (DMV) determined Monger to be an

habitual offender and ordered her not to drive effective May 7,

1997.[1]  The DMV sent notice of that determination, along with

notice of the revocation of her driving privilege, to Monger by

certified mail on April 7, 1997.  The DMV subsequently received

a return receipt allegedly bearing Monger's signature.

On June 25, 1998, Monger was arrested for driving after

having been declared an habitual offender and released on a

summons.  At trial, Monger acknowledged her signature on the

summons.  The charge was later dismissed.  On January 6, 1999,

Monger was again arrested for driving after having been declared

an habitual offender and again released on a summons.  At trial,

Monger acknowledged her signature on the summons.  This charge

---

[1] Monger appealed to the trial court, which affirmed the determination.  By a separate opinion this day, we affirmed the decision of the trial court.

-

was also later dismissed. In each case, Monger was represented by an attorney.

On July 12, 1999, a grand jury indicted Monger for operating a motor vehicle on January 16, 1999, after having been declared an habitual offender, in violation of Code § 46.2-357.

At trial, Monger testified that, prior to January 23, 1999, she did not know she had been declared an habitual offender and ordered not to drive. According to her, the police officers who stopped her on June 25, 1998 and January 6, 1999 told her only that her license was suspended. She further testified she did not read the summons she had signed and she could not recall that the judge or her attorney ever told her that she was charged with driving after having been declared an habitual offender. Moreover, Monger denied that the signature on the return receipt received by the DMV was hers. She said the signature was that of her estranged husband, who regularly forged her name.

The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve, in part or in whole, the testimony of any witness. Rollison v. Rollison, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Thus, the trial court was not required to accept Monger's version of what occurred or her testimony that she had no actual knowledge of her habitual offender status. "In its role of judging witness credibility, the fact finder is entitled to

-

disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his [or her] guilt."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

In determining that Monger had actual notice that she had been declared an habitual offender, the trial court noted the similarities, particularly in the first names, between the signature on the return receipt card returned to the DMV and Monger's signatures on the two traffic summons.  The trial court also noted that Monger had signed the two summons, both of which described the referenced charge as "habitual offender," and had taken part, while represented by counsel, in "two prior proceedings which involved charges of operating a motor vehicle after having been declared a[n] habitual offender."

Based on our review of the record, we cannot say that the trial court's determination was plainly wrong or without evidence to support it.  In light of Monger's two prior arrests for driving after having been declared an habitual offender and the obvious similarities between the signatures on the summons and the return receipt, the trial court was entitled to disbelieve Monger's claim that she was unaware of her habitual offender status.  We hold, therefore, that the evidence was sufficient to prove beyond a reasonable doubt that Monger had actual notice of her habitual offender status and of having been ordered not to drive.

-

II.  ADMISSIBILITY OF TELEPHONE CONVERSATION

Monger denied she drove her car on January 16, 1999.  She testified that her nineteen-year-old son, Octavius, drove her to the video store.  On their way home, he pulled into the convenience store's parking lot because of car trouble.  Octavius then walked home to check on Monger's younger son, while Monger arranged to have the car moved and have someone pick her up.

Arguing that Octavius's testimony would corroborate her testimony that Octavius alone drove her car that night, Monger moved to admit into evidence a tape-recorded telephone conversation between Octavius and her attorney.  The conversation was admissible "as a residual exception to the hearsay rule," Monger maintained, because Octavius was in the military service and, thus, was unavailable as a witness at trial.  The trial court denied the motion.

On appeal, Monger contends that, under the guidance provided by Code § 8.01-420.2, the tape-recorded telephone conversation should have been admitted into evidence because the identities of all the parties to the conversation were known and all the parties to the conversation were aware that the conversation was being recorded.

Upon our review of the record, we find that the argument Monger makes on appeal was never made at trial.  In accordance with Rule 5A:18, we will not consider an argument on appeal that

-

is different from the argument presented to the trial court, even if it relates to the same issue. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The purpose of this rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Lee, 12 Va. App. at 514, 404 S.E.2d at 737; Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Accordingly, Rule 5A:18 bars our consideration of this assignment of error on appeal. Moreover, we find no reason in the record to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

For these reasons, we affirm Monger's conviction.

Affirmed.

-