COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


GREGORY LEON HAMMER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1147-07-4                      JUDGE WILLIAM G. PETTY
                                                        MARCH 18, 2008

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF PAGE COUNTY
                            John J. McGrath, Jr., Judge

              Charles A. Butler, Jr., for appellant.

              Robert H. Anderson, III, Senior Assistant Attorney General
              (Robert F. McDonnell, Attorney General, on brief), for appellee.


       Gregory Leon Hammer appeals his conviction of feloniously operating a motor vehicle after

having been declared an habitual offender in violation of Code § 46.2-357(A).[1]  On appeal,

Hammer presents three questions:  (1) whether the trial court correctly overruled his hearsay

objection to testimony by a witness that he heard a magistrate previously inform Hammer of his

habitual offender status; (2) whether the trial court properly granted jury instruction 6 as modified;

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Hammer was also convicted of driving under the influence; however, he did not
challenge this conviction.

and (3) whether the evidence was sufficient to demonstrate that he had actual notice of his habitual offender adjudication when he operated his motor vehicle?[2]

For reasons expressed below, we affirm.

## I. BACKGROUND

Under settled principles, we review the evidence in the light most favorable to the Commonwealth, the party prevailing below. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

The Commonwealth presented the following evidence at a jury trial in the trial court. While on patrol on January 8, 2006, Page County Deputy Sheriff J.C. Long encountered a motorcycle that swerved into his lane, nearly striking the front of his police car. The incident occurred at about 1:00 a.m., and Deputy Long pursued the motorcycle with his lights and emergency equipment on, at speeds of approximately 80-85 mph for about one mile. He followed the motorcycle as it pulled into a driveway and behind a residential trailer where the operator, Gregory Hammer, abandoned the motorcycle and ran into a nearby wooded area. Deputy Long apprehended Hammer and arrested him for driving under the influence. He was subsequently indicted for driving under the influence and feloniously operating a motor vehicle after having been declared an habitual offender.

---

[2] Hammer is precluded from raising the first two issues because he is asserting different arguments on appeal than were presented and preserved at trial. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rules 5A:18 and 5A:20(c). Moreover, any claimed error concerning these non-constitutional matters was harmless. See Proctor v. Commonwealth, 40 Va. App. 233, 242, 578 S.E.2d 822, 827 (2003).

At trial, the Commonwealth introduced evidence that Hammer had previously been adjudicated an habitual offender and provided proof that Hammer had actual notice of this fact. Rockingham County Deputy Sheriff Randall Hensley testified that on December 8, 2005, he engaged Hammer while he was operating his motorcycle in Rockingham County. Deputy Hensley advised Hammer that he was an habitual offender and showed him the DMV transcript to confirm his habitual offender status. Moreover, Deputy Hensley testified that the magistrate informed Hammer that he was an habitual offender. Later, on cross-examination, Hammer explained that on December 9, 2005, the magistrate told him:

> I was at the jail, and the magistrate told . . . me, said, You're lucky he didn't charge you with the felony habitual offender. He said, Did you know that you were a habitual offender? I said, No, I didn't know I was an habitual offender. I said, I know I didn't have no license, though.
>
> And the magistrate, Well you're luck[y], he's cutting you a break if he's ain't [sic] charging you with DUI. That would have made it a felony habitual offender. Because, if you ain't drinking, it's a misdemeanor habitual offender. *And I didn't even know I was a habitual offender*.

(Emphasis added).

Further, Hammer acknowledged that on December 9, 2005, Deputy Hensley served a warrant on him charging him with a misdemeanor habitual offender offense. Hammer also acknowledged when he appeared at court in Rockingham County on December 19, 2005, he knew he was an habitual offender.

## II. ANALYSIS

When considering the sufficiency of the evidence presented at trial, we "presume[] [a jury verdict] to be correct" and will not disturb it unless it is "'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680). The credibility of the witnesses, the weight accorded testimony, and the

inferences drawn from proven facts are matters to be determined by the fact finder. Long v.

Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Thus, we do not "substitute our judgment for that of the trier of fact." Wactor v.

Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the

relevant question is whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar

standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate

facts." Id.

To convict a defendant of violating Code § 46.2-357, the Commonwealth must prove,

beyond a reasonable doubt, that the defendant drove a motor vehicle on a public highway while

his driving privilege was revoked, that the defendant had been determined or adjudicated an

habitual offender, and that defendant received actual notice of his status as an habitual offender.

See Reed v. Commonwealth, 15 Va. App. 467, 471-72, 424 S.E.2d 718, 720-21 (1992).

Hammer contends the evidence was insufficient to prove he received actual notice that he

had been declared an habitual offender. He asserts that because the December 2005 misdemeanor

habitual offender offense was *nolle prosequied* for lack of actual notice, he "misunderstood" his

status as an habitual offender. Hammer's argument overlooks that the Commonwealth proved at

trial that he knew he was an habitual offender in December 2005 and further that a magistrate had

informed him of this fact.

Therefore, the nature of the evidence presented at trial demonstrated that Hammer had

actual notice of his habitual offender adjudication before he operated his motorcycle on a public

highway in Page County. While Hammer alleges he misunderstood the effect of the *nolle prosequi*

- 4 -

of the Rockingham County charge, his alleged misunderstanding concerned a question of fact and

credibility for the jury to resolve.  <u>Jackson</u>, 443 U.S. at 319.

III.  C<small>ONCLUSION</small>

For these reasons, we hold the evidence was sufficient to establish that Hammer feloniously

operated a motor vehicle after having been declared an habitual offender.

<u>Affirmed.</u>