# Richmond

DAVID L. BIBB v. COMMONWEALTH OF VIRGINIA.

October 11, 1971.

Record No. 7598.

Present, All the Justices.

R. R. Ryder, for plaintiff in error.

A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.

Per Curiam.

David L. Bibb appeals from a conviction of driving while his operator's license was suspended. Code §§ 46.1-350, -423.1. Bibb attacks his conviction on the ground that he did not know his license had been suspended. The Attorney General agrees that the only question before us "is whether the defendant had notice of the revocation, according to law".

On July 1, 1969, a representative of the Commissioner of the Division of Motor Vehicles held a hearing, which Bibb attended, to determine whether Bibb's license should be suspended or revoked. At the conclusion of the hearing, Bibb was advised that he would be given notice of the Commissioner's decision, as required by Code § 46.1-435. On August 6, 1969, the Commissioner mailed a notice

to Bibb, addressed to the last known address supplied by him and on file at the Division, advising Bibb that his license had been suspended. Bibb having moved from that address on July 25, the postal authorities returned the notice to the Division, with the envelope unopened and marked "Moved, left no address".

Code § 46.1-441.2 provides:

> "*Notice of suspension or revocation of license.*—Whenever it is provided in this title that an operator's or chauffeur's license may or shall be suspended or revoked by the Commissioner of the Division of Motor Vehicles, notice of such suspension or revocation or any certified copy of the decision or order of the Commissioner may be sent by the Division by certified mail to the last known address supplied by such operator or chauffeur and on file at the Division, and the certificate of the Commissioner or someone designated by him for that purpose that such notice or copy has been so sent shall be deemed prima facie evidence that such notice or copy has been sent and delivered to such operator or chauffeur for all purposes involving the application of the provisions of this title, including § 46.1-435."

But the Commonwealth cannot rely on the presumption afforded by the statute because its evidence expressly shows that Bibb did not receive the notice mailed to him. Since the evidence does not show that Bibb knew his license had been suspended, we must sustain his contention. We therefore reverse the conviction and dismiss the warrant.

*Reversed and dismissed.*