## Norfolk

DAVID WAYNE PITCHFORD

v.

COMMONWEALTH OF VIRGINIA

No. 0158-85

Decided June 3, 1986

COUNSEL

(David Wayne Pitchford, *pro se*, on briefs), for appellant. No oral argument for appellant.

M. Katharine Spong, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—David Wayne Pitchford (appellant) appeals from the January 3, 1985 trial court judgment which convicted him in accordance with a jury verdict of operating a motor vehicle upon a suspended operator's permit, a violation of Code § 46.1-350. The sole issue on appeal is whether the Commonwealth sufficiently proved that appellant had notice that his operator's permit was suspended at the time of his arrest on March 27, 1984. We find that the record contains ample evidence to support a finding beyond a reasonable doubt that appellant knew of the suspension. Therefore, we affirm the judgment of the trial court.

When passing upon the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom. *Patler* v. *Commonwealth*, 211 Va. 448, 457, 177 S.E.2d 618, 624 (1970), *cert. denied*, 407 U.S. 909 (1972). The judgment, based upon a jury verdict, will be affirmed unless it appears from the evidence that such judgment is

plainly wrong or without evidence to support it. *Stockton v. Commonwealth*, 227 Va. 124, 145-46, 314 S.E.2d 371, 385, *cert. denied*, 105 S.Ct. 229 (1984); Code § 8.01-680.

The relevant evidence is as follows: During the summer of 1983, York County Deputy Sheriff Michael R. Dixon received a citizen complaint that appellant was driving upon a suspended operator's permit. Deputy Dixon then obtained a transcript of appellant's Division of Motor Vehicles (DMV) record, dated July 29, 1983, which showed appellant's operator's permit was suspended by DMV order.

On March 27, 1984, at approximately 11:15 a.m., Deputy Dixon encountered appellant at the York County Courthouse and spoke to him regarding his operator's permit. Deputy Dixon explained to appellant that his operator's permit had been suspended by DMV order and gave him the DMV record of July 29, 1983. Appellant acknowledged that he had failed to pay a motor vehicle related fine in York County, but stated that he still possessed his operator's permit. He then said, "I am going to drive regardless because I think I've got a good defense." Moments later, Deputy Dixon witnessed appellant drive an automobile on the public roadway.

Restrained by other duties from pursuing appellant, Dixon broadcast to patrolling sheriff department units that appellant was observed operating a motor vehicle under the circumstances previously described. At 11:48 a.m., Deputy Sheriff James Richardson apprehended appellant as he left the public highway and drove his vehicle onto a business parking lot. Appellant refused to identify himself or to produce an operator's permit, whereupon Deputy Richardson broadcast a request that Deputy Dixon come to the scene. Dixon arrived and identified appellant. Richardson verified by radio that appellant's operator's permit was suspended and issued him a summons.

At trial, the Commonwealth introduced two transcriptions of appellant's DMV record, dated August 2, 1983 and March 30, 1984, respectively. The records showed that as of March 27, 1984, DMV had ordered four separate suspensions of appellant's operator's permit, without a single reissue of said permit. These four suspensions were as follows: First, on November 16, 1982, DMV indefinitely suspended appellant's operator's permit for his failure

to pay a Newport News General District Court ordered fine imposed October 13, 1982. DMV sent notice of suspension to appellant by certified mail which was returned unclaimed. Thereafter, notice of suspension was served by posting upon the door of appellant's home with the sheriff's return to DMV dated December 22, 1982.[1] Second, on January 14, 1983, DMV indefinitely suspended appellant's operator's permit for his failure to pay a Hampton Traffic Court ordered fine imposed November 24, 1982. DMV sent notice of suspension to appellant by certified mail which was accepted by someone other than him. Third, on May 24, 1983, DMV indefinitely suspended appellant's operator's permit for his failure to pay a York County Circuit Court ordered fine imposed January 10, 1983. DMV sent notice of suspension to appellant by certified mail which was accepted by someone other than him. Thereafter, notice of suspension was served by posting upon the door of appellant's home with the sheriff's return to DMV dated July 8, 1983. Finally, on August 23, 1983, DMV indefinitely suspended appellant's operator's permit for his failure to pay a Virginia Beach Traffic Court ordered fine imposed June 28, 1983. DMV sent notice of suspension to appellant by certified mail which was returned unclaimed. Thereafter, notice of suspension was served by posting upon the door of appellant's home with the sheriff's return to DMV dated September 27, 1983.

At trial, appellant testified that on March 27, 1984, he had no knowledge of the suspensions and Deputy Dixon had not "prop-

---

[1]  Code § 46.1-441.2(A) states as follows:

Whenever it is provided in this title that a driver's license may or shall be suspended or revoked either by the Commissioner of the Department of Motor Vehicles or by a court, notice of such suspension or revocation or any certified copy of the decision or order of the Commissioner *may* be sent by the Department by certified mail to the last known address supplied by such driver and on file at the Department, and *the certificate of the Commissioner or someone designated by him for that purpose that such notice or copy has been so sent shall be deemed prima facie evidence that such notice or copy has been sent and delivered to such driver for all purposes* involving the application of the provisions of this title, including § 46.1-435. In the event the Department's records indicate that someone other than such driver has signed the return receipt or that the return receipt is unsigned, then service *may* be made as provided in § 8.01-296. Such service shall be made by a sheriff or deputy thereof in the county or city wherein is such address, who shall, as directed by the Commissioner, take possession of any suspended or revoked license, registration certificate or set of registration plates or decals and return them to the office of the Commissioner. *In any such case, return shall be made to the Commissioner, and a rebuttable presumption that service was made shall arise.* (emphasis added).

erly" advised him of these facts. He contends on appeal that Code § 46.1-441.2(A) provides the *exclusive* methods to give notice of suspension, and that said methods were imperfectly executed in his case. We disagree.

Deputy Dixon informed appellant of the operator's permit suspension on March 27, 1984, and gave him a transcript of his DMV record to document the suspension. Appellant thus had *actual* notice of the suspension. We hold that this was sufficient notice upon which to base appellant's conviction for operating a motor vehicle upon a suspended operator's permit.

■ Appellant cites no authority, and we find none, which holds that actual notice of suspension is insufficient notice upon which to base a prosecution under Code § 46.1-350. Indeed, substantial authority exists to authorize jury consideration of actual notice in such cases. Code § 8.01-288, regarding service of process states:

> Except for process commencing actions for divorce or annulment of marriage, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

Code § 8.01-285 equates the term "process" with the term "notice." Judicial acceptance of the adequacy of actual notice prevents a technical or rigid reliance on statutorily prescribed methods of giving notice when it is clear that the person for whom notice was intended timely received the same even though such receipt was accomplished outside of the statutory scheme. *Cf. Parker* v. *Prince William County*, 198 Va. 231, 233-34, 93 S.E.2d 136, 138 (1956).

■ The language of Code § 46.1-441.2(A) utilizes the word "may" to describe two *permissible* methods by which DMV may provide notice of suspension that will constitute *prima facie* evidence that the addressee received said notice. *See Bibb* v. *Commonwealth*, 212 Va. 249, 250, 183 S.E.2d 732, 733 (1971). We conclude that Code § 46.1-441.2(A) does not establish the only permissible methods to provide one with notice of suspension. The Commonwealth may prove notice of suspension by proving beyond a reasonable doubt that the accused had actual notice of the suspension.

Furthermore, DMV complied fully with the methods of notice described in Code § 46.1-441.2(A). Under the facts and circumstances of this case, the jury reasonably could have disregarded appellant's testimony to the extent he sought to rebut the *prima facie* showing that he received notice of suspension from DMV.

We hold that the record in this case provides more than an adequate basis to support the jury's finding that the Commonwealth proved beyond a reasonable doubt that on March 27, 1984, prior to driving an automobile, appellant knew that DMV had suspended his operator's permit. The appeal is, therefore, without merit.

*Affirmed.*

Barrow, J., and Hodges, J., concurred.