## Richmond

KEVIN ANTRANIG PLUMMER

v.

COMMONWEALTH OF VIRGINIA

No. 1172-90-2

Decided September 3, 1991

14

COUNSEL

Elizabeth Dashiell Scher (Morchower, Luxton and Whaley, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Kevin Antranig Plummer (appellant) appeals from his bench trial conviction by the Circuit Court of Henrico County (trial court) for operating a motor vehicle in violation of Code § 46.1-350 (now § 46.2-301) on August 5, 1989, after his operator's license had been suspended by the Division of Motor Vehicles (DMV). The sole issue presented by this appeal is whether the evidence is sufficient to prove that appellant knew that his license had been suspended.

On May 22, 1989, appellant was convicted and fined in the General District Court of the City of Richmond (district court) for speeding. He did not appeal that decision. The district court permitted appellant to delay payment of the fines and costs but required him to sign the following document:

Because you have failed to pay your fine and costs today, this notice has been given to you to inform you of the following:

1. To avoid additional penalties, the court must receive payment of the fine and cost within ten (10) calendar days from the conviction date. Use the mail at your own risk.

2. If the court does not receive payment by the tenth day, your driver's license *will be* suspended until fines and costs are paid to the court plus an additional reinstatement fee is paid to the Division of Motor Vehicles (DMV)(emphasis added).

A DMV agent testified that prior to August 5, 1989, appellant's operator's license had been suspended. She did not specify on what day the suspension order was entered but stated that "the order was mailed on July 17th of 1989." Although the order was

sent by certified mail, the DMV had no record that it had been delivered to appellant or returned to the DMV.

Appellant denies having received notice of the suspension order and testified that until the day of his arrest he had no knowledge that his license had been suspended. He further stated that he thought his license was still valid on August 5, 1989 because sometime after June 3, 1989, he had a friend in the police department "run a check" on his license and was told it was still valid. His operator's license had been suspended previously and on that occasion he had received a certified letter advising him of the suspension. Based on his experience, he thought his present license would remain valid until he received a new order.

The record discloses that on May 22, 1989, a summons issued to appellant described his address as: "1936 Forestdale Dr., Richmond, Va. 23234." However, the transcript of the DMV records of appellant's driving offenses shows that appellant's address is: "1936 Forestdale Dr. Richmond, Va. 23225." Inexplicably, it further discloses that the order mailed on July 17, 1989 was mailed to: "665 N. Laburnam Ave. Richmond, Va. 23223." The record contains no explanation showing why the DMV mailed the order to an incorrect address.

This Court has held that the Code provides two permissible methods of giving notice of a suspension of one's operator's license which will constitute *prima facie* evidence that the notice was received. *See Pitchford v. Commonwealth*, 2 Va. App. 377, 381, 344 S.E.2d 924, 926 (1986); Code § 46.2-416.[1] *Pitchford* also holds that the provisions specified in the Code are not exclusive and if *actual* notice of the suspension is proved that will meet the requirement of *Bibb v. Commonwealth*, 212 Va. 249, 183 S.E.2d 732 (1971). *Bibb* requires that the Commonwealth prove the defendant *knows* his license has been suspended before a conviction for driving after suspension will be sustained. *Id.* at 250, 183 S.E.2d at 733. Because the record discloses appellant's mailing address to be 1936 Forestdale Drive, Richmond, Virginia, and there is no explanation why the DMV mailed the order to 665 N. Laburnam Avenue, Richmond, Virginia, or proof that appellant

---

[1] Code § 46.1-441.2(A) was repealed and replaced by Code § 46.2-416 which provides that service may be made by certified mail or service in person. Previously, when Code § 46.1-441.2(A) was read with Code § 8.01-296 two modes of service were provided.

received it, the Commonwealth may not avail itself of the *prima facie* standard contained in the Code.

The Commonwealth argues that the document signed by appellant upon conviction in the district court supplies that proof of the required knowledge. We disagree. The DMV agent agreed that appellant's license remained valid until the DMV order was actually executed. Thus, the Commonwealth's evidence established that the document appellant signed was not a self-executing suspension. What then makes the suspension become effective? *Bibb* holds that a suspension is not effective when the order is entered but rather when the party charged has been given notice of its entry. That notice was proved to have occurred only on August 5, 1989, when appellant was arrested.

Neither appellant's assertion that he had someone "check" to see if his license was valid, nor the fact that the document signed by him at the conclusion of the district court hearing admonished that his license "will be" suspended if fines and costs are not paid, is controlling here. The first was only an item of proof which may or may not have been believed by the fact-finder. The latter is insufficiently definite as to a time of suspension to support the necessary proof of notice. This cause will be reversed and dismissed because the Commonwealth failed to prove beyond a reasonable doubt that appellant "knew his license had been suspended." *See id.*

For the reasons stated, the judgment of the trial court is reversed and this cause dismissed.

*Reversed and dismissed.*

Benton, J., and Elder, J., concurred.