COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


DOUGLAS EDWARD HOLMES

v.          Record No. 0839-96-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE SAM W. COLEMAN III
APRIL 1, 1997

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Bruce P. Ganey (Ganey & Laibstain, P.C., on
brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


The sole issue presented in this appeal is whether the

evidence is sufficient to prove beyond a reasonable doubt that

the defendant had notice that his privilege and license to

operate a motor vehicle were suspended when he drove on November

15, 1995.

On November 14, 1995, the defendant was convicted of

reckless driving.  The court suspended his privilege and license

to operate a motor vehicle for sixty days.  On November 15, 1995,

he was stopped by a Chesterfield County police officer and

charged with driving on a suspended license.  At trial the

circuit court found Holmes guilty of driving on a suspended

license, fined him $250, and suspended his license for an

---

[*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

additional sixty days. On appeal, Holmes challenges the sufficiency of the evidence to prove that he knew his license had been suspended effective November 14, 1995. Finding that the evidence is sufficient to support the trial court's finding that the defendant had actual notice of the suspension of his license or privilege to drive, we affirm the defendant's conviction.

Viewing the evidence in the light most favorable to the Commonwealth, the record proves that on November 14, 1995, the defendant was convicted for reckless driving. The warrant from the general district court and the judge's notations on it stated that the defendant was present at trial and unrepresented by counsel, that he pleaded guilty, that he was found guilty as charged, that he was fined $100, and that his privilege or operator's license was suspended for sixty days. The Commonwealth also introduced a transcript of the defendant's driving record from the Department (Division) of Motor Vehicles, which showed a suspension of the defendant's privilege and license with notice on November 14, 1995.

On November 15, 1995, when the defendant was stopped in relation to the charge on appeal, the defendant did not have an operator's license with him so the officer ran a license check using his Social Security number. The check revealed that the defendant's license had been suspended "with notice" on November 14, 1995. The officer asked the defendant if he knew that his license had been suspended. The defendant "said that he didn't

know if his license was suspended or not.  He was in court that morning prior to me stopping him that night, and he didn't really give a yes or a no."

At trial, the defendant testified that he did not understand that his license was being suspended immediately at the November 14, 1995 trial.  He acknowledged that the judge told him that his license was suspended, but stated that the entire encounter lasted about thirty seconds and the judge did not tell him when the suspension was to begin.  After he was convicted, the defendant went to the clerk's office where a clerk asked for his driver's license, which he testified he did not have with him. The clerk had the defendant sign an Acknowledgement of Suspension.  The acknowledgment form, which has a box to check showing the date of suspension, was not checked and did not indicate an effective date for the suspension.  However, in one section on the form, the clerk had written "60 days 1/14/95." The form also had a section which stated that the license "will be suspended as of 11/24/95 pursuant to Va. Code § 46.2-395 if my fine, fees, and costs of $129.00 are not paid by that date and that my license must be surrendered to the court by that date." The defendant testified he believed, based upon the acknowledgment form, that his license would not be suspended until November 24, 1995.

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set

- 3 -

aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

In order to convict an accused of driving on a suspended license, the Commonwealth must prove beyond a reasonable doubt that the accused knew his license had been suspended. Bibb v. Commonwealth, 212 Va. 249, 250, 183 S.E.2d 732, 733 (1971); Plummer v. Commonwealth, 13 Va. App. 13, 15, 408 S.E.2d 765, 766 (1991). "[A] suspension is not effective when the order is entered but rather when the party charged has been given notice of its entry." Plummer, 13 Va. App. at 16, 408 S.E.2d at 766. Actual notice is sufficient notice upon which to base a conviction for driving on a suspended license. Pitchford v. Commonwealth, 2 Va. App. 377, 381, 344 S.E.2d 924, 926 (1986).

Although the defendant claims that the acknowledgment form was misleading and caused him to believe that his privilege to drive and operator's license was not suspended until November 24, 1995, the evidence proves that he had notice of the suspension as of November 14, 1995. The defendant admitted that the judge told him at the reckless driving trial that his license to operate a motor vehicle was suspended for sixty days. The judge asked the defendant for his license which he purportedly did not have with him. Nevertheless, it was apparent to the defendant that the judge was attempting to have him surrender his license at the time because his privilege to drive and license were being

- 4 -

suspended. Holmes also admitted that he did not have his license with him that day.

After the trial, the defendant went to the clerk's office where the clerk also asked for his license. After the defendant explained that he did not have his license, the clerk asked him to sign the Acknowledgement of Suspension form. Although Holmes argues that the form was confusing and misleading, the section of the form which he claims misled him because it contained the November 24, 1995 date clearly tells a defendant he will be subject to additional suspension for failing to pay his fines or surrender his license by a certain date. Any confusion that the defendant claims concerning his not having notice of the suspension would have been from his attempt to read the form for his own benefit, disregarding what the form says, and his disregarding what the judge told him. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc) (holding that if the trier of fact finds an accused's testimony incredible, he is entitled to infer that the accused lied to conceal his guilt).

We hold the evidence sufficient to prove beyond a reasonable doubt that the defendant knew his license had been suspended. Accordingly, we affirm the defendant's conviction.

Affirmed.