COURT OF APPEALS OF VIRGINIA

Present:  Judges McClanahan, Petty and Powell
Argued at Richmond, Virginia


JEAN JOHN AIDONIS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2242-07-4                   JUDGE WILLIAM G. PETTY
                                                        APRIL 21, 2009
CITY OF FAIRFAX


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Johanna L. Fitzpatrick, Judge Designate

        Afshin Farashahi (Afshin Farashahi, P.C., on brief), for appellant.

        Sarah A. Hensley, Assistant City Attorney (Brian J. Lubkeman, City Attorney;
        McGuire Woods, LLP, on brief), for appellee.


        A jury convicted appellant, Jean John Aidonis, for improper driving and driving on a

suspended license in violation of Fairfax City Code § 98-1.  Aidonis challenges his conviction

for driving on a suspended license, arguing that the trial court erred when it did not instruct the

jury that the City of Fairfax had to prove that he had notice that his driver's license was

suspended in order to find him guilty of the offense of driving on a suspended license.  Because

the record shows that this issue was not preserved below, we decline to address it and affirm

Aidonis' conviction.

                                            I.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, we view those facts and incidents "in the light most favorable to the Commonwealth, the party prevailing below, giving it all reasonable inferences fairly deducible from the evidence." Bowling v. Commonwealth, 51 Va. App. 102, 104, 654 S.E.2d 354, 355 (2007) (citing Ragland v. Commonwealth, 16 Va. App. 913, 915, 434 S.E.2d 675, 676-77 (1993)).

On December 19, 2006, Fairfax City Police Officer Graham McIntyre observed Aidonis driving at a high rate of speed and in an erratic manner. Accordingly, the officer pulled Aidonis over. When Officer McIntyre asked for Aidonis' driver's license, Aidonis gave him a notice from the Shenandoah County General District Court that stated Aidonis' driving privileges were suspended. After confirming that Aidonis' license was suspended, Officer McIntyre wrote two summonses—one for reckless driving in violation of § 98-1 of the Fairfax City Code and Code § 46.2-862, and one for driving on a suspended license, in violation of § 98-1 of the Fairfax City Code and Code § 46.2-301.[1]

Aidonis contested the charges in the general district court, and, following his conviction, noted his *de novo* appeal to the circuit court. During the jury trial in the circuit court, Aidonis argued that, although he had had notice his driver's license had been suspended, he believed that he had paid the fines. However, the City presented evidence to show that Aidonis had not paid his traffic fine in full at the relevant time including a letter to Aidonis from Shenandoah County

---

[1] Section 98-1 of the Fairfax City Code adopts, among other things, Code of Virginia, Title 46.2. Code § 46.2-301(B) states, in pertinent part:

> [N]o resident or nonresident (i) whose driver's license . . . has been suspended or revoked . . . shall thereafter drive any motor vehicle . . . on any highway in the Commonwealth until the period of such suspension or revocation has terminated or the privilege has been reinstated. A clerk's notice of suspension of license for failure to pay fines or costs given in accordance with § 46.2-395 shall be sufficient notice for the purpose of maintaining a conviction under this section.

dated December 15, 2006 indicating Aidonis' outstanding fines. Aidonis' driving privileges were not reinstated until February 4, 2007.

The trial court instructed the jury that, in order to convict Aidonis of driving on a suspended license, it had to find the following three elements: "One, that the defendant was driving a vehicle on a highway; and two, that his driver's license had been suspended; and three, that he had not had his privilege to drive reinstated." The jury convicted Aidonis of improper driving, a lesser-included offense of reckless driving, and driving on a suspended license.[2] This appeal followed.

## II.

Aidonis argues that his conviction for driving on a suspended license must be reversed because the trial court's instruction regarding the elements of the offense was incorrect. Conceding that he failed to object to the incorrect instruction at trial, he asks this Court to invoke the "ends of justice" exception to the contemporaneous objection rule,[3] and consider this issue on appeal. Because we hold that a miscarriage of justice did not occur in this case, we decline to do so and affirm the conviction.

According to Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The purpose of Rule 5A:18, or the contemporaneous objection rule, "is to require that

---

[2] The parties do not dispute that the jury instruction, as given, was a misstatement of the law. See Plummer v. Commonwealth, 13 Va. App. 13, 408 S.E.2d 765 (1991) (discussing the sufficiency of the evidence to prove that appellant knew that his license had been suspended in a conviction pursuant to Code § 46.2-301).

[3] While Aidonis mentions the "good cause" exception to Rule 5A:18 in his brief, his argument exclusively involves the "ends of justice" exception. Accordingly, we will discuss the ends of justice exception in this opinion.

objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary." Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989).  This rule is "strictly enforced" because the function of an appellate court "is to review the rulings of the trial court, rather than superintend the proceedings" below.  Id.

Because of the policy behind the contemporaneous objection rule, "'[t]he ends of justice exception is narrow and is to be used sparingly.'"  Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997) (quoting Brown, 8 Va. App. at 132, 380 S.E.2d at 10).  In order to avail himself of the exception, Aidonis must show that the record in this case "affirmatively shows that a miscarriage of justice has occurred, not . . . that a miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis in the original).  In order to meet this burden, Aidonis must point to error in the record that was "clear, substantial, and material."  Brown, 8 Va. App. at 132, 380 S.E.2d at 11.

Although our Supreme Court has held that the exception may be invoked to review a faulty jury instruction that "allows a jury to convict a defendant without *proof* of an essential element of the charged offense," Campbell v. Commonwealth, 14 Va. App. 988, 994, 421 S.E.2d 652, 656 (1992) (*en banc*) (emphasis added), the existence of faulty jury instructions does not automatically trigger the application of the ends of justice exception.  Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 610 (2004) (*en banc*); accord Phoung v. Commonwealth, 15 Va. App. 457, 464-65, 424 S.E.2d 712, 716 (1992) (refusing to consider, for the first time on appeal, appellant's argument that the trial court improperly instructed the jury on the elements of a burglary charge).  Instead, "[t]he Supreme Court of Virginia has held that the 'ends of justice' exception applies to permit review only when a 'granted instruction omitted some essential elements of the offense' and 'no evidence was produced relating to those

elements.'"  Bazemore, 42 Va. App. at 219, 590 S.E.2d at 610 (quoting Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681-82 (1991)).  Applying the exception in these situations prevents defendants from being "convicted of a crime of which under the evidence he could not properly be found guilty" — a clear miscarriage of justice.  Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).

Here, the trial court neglected to instruct the jury on one of the required elements of the offense:  whether the defendant knew that his license had been suspended.  Code § 46.2-301(B); Plummer v. Commonwealth, 13 Va. App. 13, 15, 408 S.E.2d 765, 766 (1991).  However, there was overwhelming evidence that Aidonis knew that his driver's license had been suspended.  Indeed, the evidence showed that he was in possession of the notice of suspension and even provided it, rather than his driver's license, to the officer when he was stopped for speeding.

Moreover, our review of the record indicates that Aidonis was not relying on a lack of notice as his defense; thus, that principle of law was not "vital" to his defense.  Jimenez, 241 Va. at 250, 402 S.E.2d at 681.  Aidonis did not argue that he did not know that his license had been suspended at the relevant time.  Instead, his defense was that he thought he had paid his fines.  However, Aidonis had not re-obtained a license at the time he was driving, nor had his license been reinstated pursuant to Code § 46.2-411.

### III.

Because there was an abundance of evidence in this case to show that Aidonis had notice that his driver's license had been suspended, we decline to apply the ends of justice exception in this case.  Accordingly, Aidonis' conviction is affirmed.

Affirmed.