COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia


AMINATA CAREW

v.        Record No. 0153-13-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JAMES W. HALEY, JR.
NOVEMBER 26, 2013

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Kimberly C. Stover, Assistant Public Defender, for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


I.

The trial court convicted Aminata Carew (appellant) of driving a motor vehicle without a

valid driver's license in violation of Code § 46.2-300.  Appellant essentially contends the

evidence was insufficient for conviction, because that evidence did not show she had been

notified that her license was suspended and thus invalid.  We agree and reverse the conviction.

II.

On the night of July 22, 2012, Officer Marcelo Carvajal stopped the vehicle appellant

was driving because her headlights were not illuminated.  When the officer asked appellant for

her driver's license, she said she had left it at home.  At the scene, when Carvajal "ran"

appellant's driving record, he learned that her license had been suspended.  She was given a

summons alleging a violation of Code § 46.2-301, driving on a suspended license, which is

penalized as a Class 1 misdemeanor.  The Department of Motor Vehicles (DMV) record, which

the Commonwealth admitted at trial, showed that appellant had been issued a driver's license on

September 9, 2011 with an expiration date of September 10, 2013 and that her license was administratively suspended on July 15, 2012 for not completing a "clinic interview." A copy of the order requiring appellant to attend the clinic interview was sent to appellant by the DMV by certified mail, but the letter was returned "unclaimed" on May 10, 2012. With regard to the license suspension, appellant's driving record also indicated as follows:

SUSPENSION      ISSUED: 04/16/2012 DI CLINIC REQUIREMENT
EFFECTIVE: 07/15/2012
ACTION: CLINIC INTERVIEW
NOTIFIED: 06/15/2012 BY DI REMINDER LTR
ORDER DELIVERY DATE: 05/10/2012
    ORDER RTRN - UNCLAIMED

The Commonwealth did not present any additional evidence to establish that appellant was aware that the DMV had suspended her driver's license.[1] At trial, without objection, the Commonwealth amended the summons to charge a violation of Code § 46.2-300.

III.

Code § 46.2-300 provides:

> No person, except those expressly exempted in §§ 46.2-303 through 46.2-308, shall drive any motor vehicle on any highway in the Commonwealth until such person has applied for a driver's license, as provided in this article, satisfactorily passed the examination required by § 46.2-325, and obtained a driver's license, nor unless the license is valid.
>
> A violation of this section is a Class 2 misdemeanor. A second or subsequent violation of this section is a Class 1 misdemeanor.
>
> Upon conviction under this section, the court may suspend the person's privilege to drive for a period not to exceed 90 days.

---

[1] The Commonwealth did not argue, either at trial or on appeal, that the DMV record established that appellant had actual notice her license was suspended. Rather, the Commonwealth's consistent argument throughout this case has been that notice is not required for a conviction under Code § 46.2-300. Thus, for purposes of this appeal we will assume that the Commonwealth did not establish that appellant had actual notice of the suspension of her driver's license.

A Class 2 misdemeanor carries a punishment of up to 6 months in jail and a fine of $1000, either or both.  See Code§ 18.2-11(b).

Patently, Code § 46.2-300 contains no language specifically requiring the Commonwealth to prove a driver's knowledge of his license status for a conviction under that statute.  By contrast, Code § 46.2-301, which prohibits driving on a suspended or revoked license, specifically references a requirement of notice for conviction.[2]

In Edenton v. Commonwealth, 227 Va. 413, 316 S.E.2d 736 (1984), the Supreme Court of Virginia considered whether then Code § 46.1-349, the statutory predecessor to Code 46.2-300, was a lesser-included offense of driving after having been declared a habitual offender.  The Court observed that "[t]he gravamen of the misdemeanor [conviction under Code § 46.1-349] − the crucial element − is the act of operating a motor vehicle by a driver who has not obtained a valid operator's license by making a lawful application and passing the required examination."  Id. at 417, 316 S.E.2d at 738.

In Bibb v. Commonwealth, 212 Va. 249, 249-50, 183 S.E.2d 732, 733 (1971), in a prosecution for driving on a suspended license under former Code § 46.1-350, a notice of the Division of Motor Vehicles order of suspension was sent to the defendant at the last known address supplied by him or on file at the Division, but it was returned marked "Moved, left no address."[3]  The Court reversed the defendant's conviction on appeal, concluding that because the "evidence expressly shows that [the defendant] did not receive the notice mailed to him . . . the

---

[2] Code § 46.2-301(B) states in pertinent part:  "A clerk's notice of suspension of license for failure to pay fines or costs given in accordance with § 46.2-395 shall be sufficient notice for the purpose of maintaining a conviction under this section."

[3] At the time Bibb was decided, the language of Code § 46.1-350 contained no specific reference to a notice requirement for conviction.  See Code § 46.1-350 (1967 Repl. Vol. & 1970 Cum. Supp.).  However, the applicable statutory scheme in Bibb, "Code §§ 46.1-350, -423.1, and -441.2, . . . provided for notice of the administrative revocation proceeding . . . ."  Reed v. Commonwealth, 15 Va. App. 467, 472, 424 S.E.2d 718, 721 (1992).

evidence does not show that [the defendant] knew his license had been suspended . . . ." Id. at 250, 183 S.E.2d at 733.

In Plummer v. Commonwealth, 13 Va. App. 13, 14, 408 S.E.2d 765, 765 (1991), we addressed the sufficiency of the Commonwealth's proof of notice in a prosecution for driving on a suspended operator's license in violation of former Code § 46.1-350.[4] This Court rhetorically asked the dispositive question here involved: "What then makes the suspension [of a driver's license] become effective?" Id. at 16, 408 S.E.2d at 766. In response, this Court stated: "Bibb holds that a suspension is not effective when the order is entered but rather when the party charged has been given notice of its entry." Id.

While Plummer addressed a suspended operator's license under Code § 46.1-350 (now Code § 46.2-301), not a violation of Code § 46.2-300, the basis of appellant's violating the latter statute was a suspension of the former Code § 46.1-301. Nevertheless, our inquiry is whether appellant's operator's license was validly suspended. We concluded it was not.

Here, the evidence, appellant's DMV record, recites the notice sent to her was "unclaimed." A license is not suspended until notice of that status is received by the holder. Accordingly, the evidence did not prove that appellant had notice that her driver's license was suspended. When the predicate for invalidity under Code § 46.2-300 is a suspended license, the

---

[4] At the time of the defendant's arrest for the driving offense in Plummer, August 5, 1989, Code § 46.1-350, containing no reference to notice, remained in effect. See Code § 46.1-350 (1986 Repl. Vol. & 1988 Cum. Supp.). Effective October 1, 1989, the General Assembly repealed Code § 46.1-1 through Code § 46.1-570 and enacted Title 46.2 of the Code of Virginia, pertaining to motor vehicles.

- 4 -

Commonwealth must prove the defendant received notice of the suspension.[5]  Because no such

proof was offered in this case, we reverse appellant's conviction.[6]

Reversed.

---

[5] We need not, and thus do not, address the elements of proof necessary for a conviction under Code § 46.2-300 in cases where license invalidity is predicated on some ground other than a suspension.  "An appellate court decides cases on the best and narrowest ground available." Podracky v. Commonwealth, 52 Va. App. 130, 134, 662 S.E.2d 81, 84 (2008) (internal quotation marks and brackets omitted).

[6] We note that Code § 46.2-104 requires that "[t]he operator of any motor vehicle . . . on the highways in the Commonwealth[] shall have in his possession . . . his driver's license" and that the failure to do so constitutes a traffic infraction requiring a court appearance.  This statute thus provides the opportunity for the operator to receive actual notice of the status of his license.