UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Decker
Argued at Norfolk, Virginia


MARIUS HAMILTON STAFFORD

MEMORANDUM OPINION[*] BY
v.      Record No. 1066-14-1          JUDGE ROBERT J. HUMPHREYS
APRIL 7, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

Robert L. Wegman (The Law Office of Robert L. Wegman, P.L.C.,
on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Marius Hamilton Stafford ("Stafford") appeals his conviction for felony habitual offender

in violation of Code § 46.2-357 by the Circuit Court of the City of Chesapeake (the "trial court").

Stafford claims the trial court erred in not dismissing the charge because the

Commonwealth failed to prove that he received actual notice of his status as an habitual

offender. When the sufficiency of the evidence is challenged on appeal, our review is guided by

well-established principles—"[t]his Court 'must examine the evidence that supports the

conviction and allow the conviction to stand unless it is plainly wrong or without evidence to

support it.'" Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (quoting

Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 139-40 (2008)). On appeal, we

consider the evidence in the light most favorable to the Commonwealth and give it the benefit of

all reasonable inferences fairly deducible therefrom. Id. "The weight which should be given to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The relevant inquiry is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Code § 46.2-357 provides in relevant part that "it is unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle . . . on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect." Code § 46.2-357(A). "If the offense of driving while a determination as an habitual offender is in effect is a second or subsequent such offense," the offense is a felony. Code § 46.2-357(B)(3). To convict a defendant under this statute, the Commonwealth must "prove beyond a reasonable doubt that, at the time of an alleged driving offense, a defendant was adjudicated a habitual offender and his/her privilege to operate a motor vehicle was revoked." Commonwealth v. Norman, 268 Va. 539, 544-45, 604 S.E.2d 82, 85 (2004). The statute also requires "proof of actual knowledge that one has been declared to be an habitual offender before one can be convicted of driving after having been so declared and ordered not to drive." Reed v. Commonwealth, 15 Va. App. 467, 471, 424 S.E.2d 718, 720 (1992).

Stafford argues that the Department of Motor Vehicles ("DMV") transcript does not show he received actual notice of his habitual offender status.[1] We disagree. The DMV

---

[1] Stafford claims for the first time at oral argument that the DMV transcript had been improperly admitted at trial. At trial, Stafford objected to the DMV transcript only "to the fact that it doesn't prove notice," not because it was improperly admitted. Further, Stafford argued for the first time at oral argument that the fact the revocation order and DMV transcript had different zip codes listed for Stafford's address proved he never received notice. However, these arguments were not properly preserved for appellate review. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994) (holding that the appellant's failure to raise the same arguments "before the trial court precludes him from raising them for the first time on appeal").

transcript, which was offered as an exhibit at trial, shows that Stafford was determined to be an

habitual offender on June 21, 1996. The administrative revocation order specifically advised

Stafford that he had been determined to be an habitual offender and that his "privilege to operate

motor vehicles in Virginia" was "revoked indefinitely effective July 21, 1996." The order

further explained that Stafford would need to petition the circuit court to regain his driving

privilege in the future. The DMV transcript states Stafford's driver's license status was

"REVOKED HABITUAL OFFENDE[R]" and indicates "NOTICE OF

SUSPENSION/REVOCATION RECEIVED."

The 1996 version of Code § 46.2-353(A) required the DMV to notify a person of his/her

habitual offender determination and the revocation of his/her driving privilege by certified mail

sent to the person's address of record. As a public official, the Commissioner of the DMV is

presumed to have obeyed the law. See Clements v. Commonwealth, 43 Va. App. 56, 60, 596

S.E.2d 88, 89 (2004). "In the absence of clear evidence to the contrary, courts may presume that

public officers have properly discharged their official duties." Robertson v. Commonwealth, 12

Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991). At trial, Stafford did not offer any evidence

that the Commissioner violated his statutory duty to mail the revocation notice and the public

record reflects that the notice was both mailed and received. Thus, the trial court was justified in

concluding that the revocation order was properly sent and was received by Stafford in 1996.

Moreover, this Court has held that notice given pursuant to the statute is not the exclusive

method by which notice may be provided. In Pitchford v. Commonwealth, 2 Va. App. 377, 381,

344 S.E.2d 924, 926 (1986), we held that a deputy sheriff informing the defendant his license

was suspended and providing a copy of the defendant's DMV record was sufficient to show the

defendant had actual knowledge of his suspended license, even though the DMV record could

not definitively show that the defendant had personally received the notices sent to him by the

DMV. Even if Stafford never received the revocation order the DMV transcript reflects was sent, he still had actual notice of his status as an habitual offender on October 4, 2013 when he was charged with his first offense of driving as an habitual offender in the Chesapeake General District Court. At that time, Stafford never disputed his habitual offender status or that he had received notice of such determination. Nevertheless, he continued to drive in the Commonwealth.

A reasonable fact finder could conclude that the June 21, 1996 revocation order the DMV sent Stafford informing him of his habitual offender status and that his driver's license was revoked indefinitely proved that Stafford had actual notice of his status and that he was not permitted to drive when he was involved in the car accident on December 8, 2013. Alternatively, the evidence supports the conclusion that, at the very least, Stafford received actual notice of his status when he was charged with driving as an habitual offender, first offense, on October 4, 2013, especially given the fact that Stafford never objected to or contested notice of his habitual offender status. Finding sufficient evidence in the record to establish Stafford had actual notice of his status as an habitual offender, we affirm his conviction.

Affirmed.