PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Decker and O'Brien
Argued by teleconference

RICHARD DANIEL PETERS, JR.

v.      Record No. 1577-15-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARLA GRAFF DECKER
NOVEMBER 8, 2016

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Herman A. Whisenant, Jr., Judge Designate

Kevin J. Gerrity, Deputy Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Richard Daniel Peters, Jr., appeals his conviction for driving "during the time for which

he was deprived of the right to do so," third or subsequent offense, in violation of Code

§ 18.2-272.  He argues that the Commonwealth failed to prove that he had received notice of the

revocation of his driving privileges.  We hold that the trial court's finding that the appellant had

received notice that he did not have a valid license at the time of the offense was not plainly

wrong and was supported by the evidence in the record.  Consequently, we affirm the conviction.

I.  BACKGROUND[1]

In presenting its case that the appellant was guilty of driving "during the time for which

he was deprived of the right to do so," third or subsequent offense, the Commonwealth

---

[1] In reviewing the sufficiency of the evidence supporting a conviction, this Court views the evidence in the light most favorable to the Commonwealth, as the prevailing party below. Commonwealth v. Norman, 268 Va. 539, 545-46, 604 S.E.2d 82, 85 (2004).  In doing so, we grant the Commonwealth "the benefit of all reasonable inferences fairly deducible from that evidence." Id. at 546, 604 S.E.2d at 85 (quoting Commonwealth v. Hill, 264 Va. 541, 543, 570 S.E.2d 805, 806 (2002)).

introduced evidence that Deputy Jeffrey Butler of the Fauquier County Sheriff's Department conducted a traffic stop of the appellant on February 8, 2015. During the encounter, the appellant did not provide "any kind of driver's license" or other paperwork. Deputy Butler specifically testified that the appellant "said he did not have a driver's license."

In addition to Butler's testimony, the Commonwealth presented evidence of the appellant's three previous violations of Code § 18.2-272. The dates of those prior convictions were July 19, 2013, September 12, 2013, and December 18, 2013. The Commonwealth also introduced the appellant's Department of Motor Vehicles (DMV) transcript showing his driving record in great detail, including revocations and notifications.

The trial court found the appellant guilty of driving on a suspended license, third or subsequent offense, in violation of Code § 18.2-272.[2] He was sentenced to five years imprisonment, with three years six months of the sentence suspended.

## II. ANALYSIS

The appellant argues that the evidence was insufficient to prove that he had notice that his privilege to drive in the Commonwealth was revoked on February 8, 2015, the date that his offense occurred. Our analysis of this issue is guided by well-established appellate principles. In this Court's review of the sufficiency of the evidence to support a conviction, we affirm the decision unless the trial court was plainly wrong or the conviction lacks evidence to support it. See, e.g., Seaborn v. Commonwealth, 54 Va. App. 408, 414, 679 S.E.2d 565, 568 (2009). The dispositive question that we must resolve "is whether '*any* rational trier of fact could have found

---

[2] The conviction and sentencing orders reflect that the appellant was convicted of driving on a suspended license in violation of Code § 18.2-272. The record shows that his license was revoked at the time of the offense rather than suspended. This discrepancy is not raised by either party, and the appellant does not contest that he had been "deprived of the right" to drive within the Commonwealth at the time of the offense as contemplated by Code § 18.2-272. The sole issue on appeal is notice.

the essential elements of the crime beyond a reasonable doubt.'" Id. at 413-14, 679 S.E.2d at 568 (quoting Bolden v. Commonwealth, 49 Va. App. 285, 292, 640 S.E.2d 526, 530 (2007)). The appellant was tried by the circuit court, sitting without a jury. Consequently, that court was the fact finder, and its judgment is afforded the same weight as a jury verdict. Preston v. Commonwealth, 281 Va. 52, 57, 704 S.E.2d 127, 129 (2011).

Code § 18.2-272(A), in pertinent part, prohibits a driver from operating a motor vehicle in the Commonwealth "during the time for which he was deprived of the right to do so" based upon a prior violation of Code § 18.2-270, which proscribes driving while intoxicated. "Any person convicted of three violations of [Code § 18.2-272] committed within a 10-year period is guilty of a Class 6 felony." Code § 18.2-272(A).

In order to obtain a conviction for driving on a suspended or revoked license, third or subsequent offense, in violation of this section of the Code, the Commonwealth must prove that the defendant had actual notice that he no longer had the privilege to drive in the Commonwealth when the offense occurred.[3] See Hodges v. Commonwealth, 64 Va. App. 687, 692, 771 S.E.2d 693, 695 (2015) (evaluating the sufficiency of the evidence of notice supporting a conviction for driving on a suspended license in violation of Code § 46.2-301); see also Bishop v. Commonwealth, 275 Va. 9, 13, 654 S.E.2d 906, 908 (2008) (considering whether the

---

[3] Although this is the first time that this Court considers the notice requirement under Code § 18.2-272(A), the parties correctly agree that the Commonwealth must prove actual notice to obtain a conviction under this criminal statute, like other statutes governing revocation and suspension of a driver's license. See generally Young v. Commonwealth, 57 Va. App. 731, 738, 706 S.E.2d 53, 57 (2011) (noting that "all statutes . . . should be read and construed together" (quoting Dillard v. Thornton, 70 Va. (29 Gratt.) 392, 396 (1877))); Holsapple v. Commonwealth, 39 Va. App. 522, 533, 574 S.E.2d 756, 761 (2003) (*en banc*) (recognizing that criminal statutes must be strictly construed against the Commonwealth); Reed v. Commonwealth, 15 Va. App. 467, 473, 424 S.E.2d 718, 721 (1992) (holding that "it would be incongruous" to interpret the Code to provide a less strict notice requirement for the "serious felony of driving after having been declared a[] habitual offender" than "prosecut[ion] for the traffic offense of driving on a suspended license").

- 3 -

Commonwealth proved notice in the context of a conviction for driving a motor vehicle while under a revocation after having been declared a habitual offender in violation of Code § 46.2-357); Carew v. Commonwealth, 62 Va. App. 574, 578-79, 750 S.E.2d 226, 228 (2013) (holding that the Commonwealth is required to prove notice to sustain a conviction for driving without a valid license under Code § 46.2-300).

The appellant contends that the evidence did not conclusively establish that he received actual notice of his license revocation or the fact that it remained invalid on the date of the instant offense. The law is clear that "when the evidence is susceptible [to] two interpretations, the fact finder cannot *arbitrarily* adopt the one that incriminates the defendant." Clanton v. Commonwealth, 53 Va. App. 561, 573, 673 S.E.2d 904, 910 (2009) (*en banc*). However, the trier of fact's "determination cannot be overturned as *arbitrary* unless no rational factfinder would have [adopted the incriminating interpretation]." Id. (quoting Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004)). That simply is not the case here, where the evidence entirely supports the trial court's decision.

The appellant specifically acknowledged to Deputy Butler at the time of the stop that "he did not have a driver's license." This statement, viewed in the light most favorable to the Commonwealth and in the context of his previous convictions and the DMV transcript, demonstrated the appellant's knowledge that he was not legally permitted to drive in the Commonwealth at the time of the offense.

The Commonwealth introduced as evidence copies of the conviction orders from general district court of the appellant's three previous convictions under Code § 18.2-272 for driving on a suspended license. The dates for those convictions are July 19, September 12, and December 18, 2013. Each order reflects that the appellant was present at trial. Those offenses were under the same section of the Code as challenged in this appeal. By definition, the Commonwealth

established for each of those three convictions that the appellant knew at those times that his driver's license had either been revoked or suspended by the Commonwealth. See Palmer v. Commonwealth, 269 Va. 203, 207, 609 S.E.2d 308, 310 (2005) (holding that "a court's orders are presumed to accurately reflect what actually transpired").

The Commonwealth also introduced into evidence a transcript of the appellant's driver history obtained from the DMV. The transcript notes that the appellant's driver's license status was "REVOKED" and contains the representation that "NOTICE OF SUSPENSION / REVOCATION RECEIVED." It reflects the July 19, September 12, and December 18, 2013 convictions. Each of those offenses carried with it a three-year license revocation. The revocation term accompanying the July 19 conviction was set to expire July of 2016. Following the September 12 conviction, the appellant's license was revoked through September of 2016. As a result of the appellant's December 18 conviction, the transcript lists the revocation order as lasting until December 16, 2016. The transcript shows that notice for each of these revocations was delivered by first-class mail. Further, each of these revocation entries on the appellant's driving transcript provided that the revocation was "FOR DRV UNDER SUS/REVO 2ND/SUB."

Actual notice of a single one of these three revocations supports the notice element of the charge, because they all encompassed the date of the instant offense. The address contained in the DMV record for the appellant was the same address that he certified as his mailing address on the summons that resulted in the July 19 conviction.[4] Under Code § 46.2-203.1, that notice

---

[4] We note that the transcript's listing of the appellant's "prior address" matched the address provided in the warrant that led to the December 18 conviction as well as in the summons that resulted in the September 12 conviction. The DMV transcript shows a change of address on February 12, 2011. The address that the DMV had on record during the time period that all three relevant notices were mailed matches the address verified by the appellant on the summons leading to the July 19 conviction.

was "deemed to have been accepted by the person at that address."[5] See Code § 46.2-203.1 (stating that a driver "acknowledges" that any official notice will be mailed first class to the address that the driver has provided to the DMV or on a summons). This entry shows notice for purposes of the relevant date.

The evidence, viewed in its entirety, supports the trial court's factual finding that the appellant knew on February 8, 2015, the date of the instant offense, that his license was revoked.

The appellant relies on Bishop v. Commonwealth, 275 Va. 9, 654 S.E.2d 906 (2008), for the proposition that the transcript of his driver history did not sufficiently prove notice. In Bishop, the Supreme Court of Virginia reversed the defendant's conviction for driving after having been declared a habitual offender. Id. at 16, 654 S.E.2d at 909. The Court held that the following DMV transcript notation on the defendant's record did not prove actual notice of his habitual offender status:

REVOCATION     ISS: 1997/04/28   EFFECTIVE: 1997/05/28
               FOR HO DETERMINATION PROCESS
               NOTIFIED: 2001/03/10 BY LAW
                    ENFORCEMENT
ORDER DELIVER DATE:     ORDER MAILED

Bishop, 275 Va. at 14, 654 S.E.2d at 908. The Court reasoned that the entry was "confusing," "d[id] not contain any information about [the defendant's] status as a[] habitual offender," "d[id] not specify the content of any notification . . . provided to [the defendant]," and "d[id] not identify the person, agency or entity that constituted 'law enforcement.'" Id. The Court

_____

[5] We note that this provision differs from the presumption of notice provided by the General Assembly in Code § 46.2-416, which is discussed in numerous cases in the context of Title 46.2. See, e.g., Bibb v. Commonwealth, 212 Va. 249, 250, 183 S.E.2d 732, 733 (1971) (considering application of a predecessor statute); Hodges, 64 Va. App. at 693, 771 S.E.2d at 696. Code § 46.2-416 does not apply here because the notice was not sent by *certified* mail and this case does not involve application of the motor vehicle law, Title 46.2. See Code § 46.2-416(A) (presuming delivery of notice sent by certified mail in some cases involving application of Title 46.2).

concluded that the mailing of the order did not constitute proof beyond a reasonable doubt of actual notice.  Id.

Unlike in Bishop, the record in this case contains significant evidence of notice and does not rely on the DMV transcript alone.  The appellant's statement to the deputy that "he did not have a driver's license," coupled with his presence at his previous trials for driving on a suspended license, bolsters the DMV transcript's record of notice.  In addition, the DMV transcript in this case provided that the appellant's license was revoked "FOR DRV UNDER SUS/REVO 2ND/SUB," an entry that is far clearer than the "FOR HO DETERMINATION PROCESS" entry at issue in Bishop.  Further, on the instant DMV transcript, there is a clear reference that notice of suspension or revocation was received.  For these reasons, the appellant's reliance on Bishop is unavailing.  See, e.g., Hodges, 64 Va. App. at 692-93, 771 S.E.2d at 695-96.  The evidence and reasonable inferences from the evidence prove that the appellant had actual notice that his license had been revoked at the time of the offense.

### III.  CONCLUSION

The trial court's finding that the appellant had received notice that he did not have a valid license at the time of the offense was not plainly wrong.  Supporting this conclusion were the appellant's statement to the deputy that he did not have a driver's license, his presence at his previous trials for driving on a suspended license, and the DMV transcript of his driving record.  Consequently, we affirm the conviction for violating Code § 18.2-272.

Affirmed.