# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judges Beales and Malveaux
Argued by teleconference


SAMANTHA ANN NICHOLSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0371-18-2            CHIEF JUDGE MARLA GRAFF DECKER
                                                       SEPTEMBER 28, 2021

ALBEMARLE COUNTY


UPON REMAND FROM THE SUPREME COURT OF VIRGINIA

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Charles L. Weber, Jr. (Jonathan T. Blank; Travis C. Gunn; Eric S.
Fleming; McGuireWoods LLP, on brief), for appellant.

James M. Hingeley, Commonwealth's Attorney, for appellee.


This Court previously held that the instant appeal of Samantha Ann Nicholson was

jurisdictionally defective and dismissed it. Nicholson v. Commonwealth, No. 0371-18-2

(Va. Ct. App. Feb. 6, 2020). The Supreme Court of Virginia reversed, holding that the defect in

the appellant's notice of appeal was waived. Nicholson v. Commonwealth, __ Va. __, __ (June

17, 2021). The Court remanded the case to this Court for further proceedings. Id. at __.

On remand, we consider the appellant's challenge to her conviction for driving on a

suspended license, fifth offense, in violation of Albemarle County Ordinance § 9-100, which

incorporates Code § 46.2-301. She contends that the evidence is insufficient to support the

conviction. The appellant also challenges the constitutionality of the underlying license

suspensions and the admissibility of the transcript of her driving record from the Department of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Motor Vehicles (DMV). Albemarle County, the appellee, through the Commonwealth's Attorney, concedes that the evidence is insufficient to support the conviction. Based on applicable legal principles, we accept Albemarle County's concession that it failed to prove that the appellant received notice that her license was suspended at the time of the instant offense. Therefore, we reverse the conviction and dismiss the charge. In light of this holding, the Court does not reach the other assignments of error raised in this appeal.

## I. BACKGROUND[1]

On July 15, 2016, Officer Paul Quillon, with the Albemarle County Police Department, encountered the appellant at a traffic stop. During the encounter, the officer determined that the appellant's driver's license was suspended.

At the appellant's trial for driving on a suspended license, the prosecution presented evidence that the appellant's license was suspended at the time of the instant offense for failure to pay fines, court costs, and fees. The appellant testified that she was financially unable to pay the fines, costs, and fees, yet she relied on motor vehicle transportation for family needs and work.

In her defense, the appellant challenged the sufficiency of the evidence and the admission of the DMV transcript. She also argued that she did not receive adequate process prior to the suspensions under Code § 46.2-395 and that they consequently were unconstitutional.

The trial court found the appellant guilty. It also ruled that suspending the appellant's license for failure to pay the amounts owed to the courts did not violate her due process rights. The appellant was convicted of driving on a suspended license, fifth offense, and sentenced to 180 days in jail with 140 days suspended.

---

[1] Under the applicable standard of review, this Court views the evidence in the light most favorable to Albemarle County, as the prevailing party below. See Peters v. Commonwealth, 66 Va. App. 743, 745 n.1 (2016).

## II. ANALYSIS

The appellant argues that the evidence was insufficient to support her conviction because the prosecution did not prove that she received notice of her license suspension. On remand, Albemarle County agrees and consents to reversal of the conviction.

Whether a defendant received notice of a license suspension is a question of fact. See Yoder v. Commonwealth, 298 Va. 180, 183 (2019). "On purely factual questions . . . , we can and do rely on the adversarial process to sort out the contested and the uncontested aspects of the case before we begin our responsibility of applying *de novo* the correct legal principles." Logan v. Commonwealth, 47 Va. App. 168, 172 (2005) (*en banc*); cf. Butcher v. Commonwealth, 298 Va. 392, 395 (2020) (plurality opinion) (noting that courts do not have to accept litigants' *legal* concessions because doing so would allow the parties to "define Virginia law" (quoting Daily Press, Inc. v. Commonwealth, 285 Va. 447, 454 n.6 (2013))). Consequently, this Court may accept concessions of fact. Williams v. Commonwealth, 71 Va. App. 462, 488 n.9 (2020); see also Cofield v. Nuckles, 239 Va. 186, 194 (1990) ("A party can concede the facts but cannot concede the law."). Based on our review of this case, the Court concludes that the record entirely supports the factual concession of Albemarle County, and therefore we accept it.[2] See Eley v. Commonwealth, 70 Va. App. 158, 163 (2019) (accepting the Commonwealth's concession on the sufficiency of the evidence to prove certain factual elements).

Our analysis is informed by well-established precedent. Appellate review of the sufficiency of the evidence requires the Court to affirm the conviction unless the trial court was plainly wrong or the conviction lacks evidence to support it. See, e.g., Seaborn v.

---

[2] "[A] ruling on the factual sufficiency" in this case constitutes the best and narrowest ground for decision. See Butcher, 298 Va. at 397. See generally Riddick v. Commonwealth, 72 Va. App. 132, 146 n.7 (2020) ("[J]udicial restraint dictates that [appellate courts] decide cases on the best and narrowest grounds available." (quoting Commonwealth v. White, 293 Va. 411, 419 (2017))).

Commonwealth, 54 Va. App. 408, 414 (2009).  In addition, the Court considers all of the evidence together and does not view separate aspects of the record in isolation.  Commonwealth v. Moseley, 293 Va. 455, 466 (2017).  However, the law is also clear that if "the evidence of guilt or innocence remains anywhere near equipoise—that is, the facts are 'equally susceptible to two or more constructions'—" then the evidence is not sufficient to support the conviction "as a matter of law."  Haskins v. Commonwealth, 44 Va. App. 1, 9 (2004) (quoting Feigley v. Commonwealth, 16 Va. App. 717, 724 (1993)).

The appellant was convicted of driving on a suspended license, in violation of Albemarle County Ordinance § 9-100, which incorporates Code § 46.2-301.  That statute, in pertinent part, prohibits a person from driving if his or her "driver's license . . . or privilege to drive a motor vehicle has been . . . suspended."  Code § 46.2-301(A).  The appellant's license was suspended pursuant to Code § 46.2-395.[3]

In order to obtain a conviction for driving on a suspended license, the prosecution must prove that "the defendant had actual notice that [she] no longer had the privilege to drive in the Commonwealth when the offense occurred."  See Peters v. Commonwealth, 66 Va. App. 743, 746 (2016); see also Yoder, 298 Va. at 182 (noting that a conviction for driving after forfeiture of one's license requires proof of actual notice); Plummer v. Commonwealth, 13 Va. App. 13, 16 (1991) ("[A] suspension is not effective when the order is entered but rather when the party charged has been given notice of its entry.").  For notice to be effective, the prosecution must

---

[3] The legislature subsequently repealed this code section.  2020 Va. Acts chs. 964-65 cl. 2.  While the statute was in effect, it required suspension of a driver's license for failure to pay state fines, court costs, or fees.  See 2008 Va. Acts ch. 861; 2012 Va. Acts ch. 615.  It provided for the suspension to continue until the fines, costs, or fees had been fully paid.  See 2008 Va. Acts ch. 861; 2012 Va. Acts ch. 615.  Virginia drivers' licenses can no longer be suspended for failure to pay court fees.  See 2020 Va. Acts chs. 964-65 cl. 2.  In addition, the General Assembly directed the DMV to reinstate, without cost, all drivers' licenses suspended solely for failure to pay court fees.  Id. cl. 3.

present evidence that the defendant actually received it. See Peters, 66 Va. App. at 746. In addition, the notice must adequately inform the driver of the fact of suspension and its length, and it cannot simply indicate that a suspension might occur on some date in the future. See Plummer, 13 Va. App. at 16.

The evidence that the appellant received notice of a license suspension purportedly in effect on the date of the traffic stop came from three sources: the various court orders and related notices, copies of the notices sent by the DMV, and the DMV transcript. After examining the record, we conclude that the evidence viewed as a whole does not establish the required notice. The evidence was not sufficient to prove actual notice because it does not establish that the notices (i) were issued after the actual suspension, (ii) listed a term of suspension that encompassed the instant traffic stop, or (iii) adequately informed the appellant of the length of the suspension term. See id. On this record, the Court accepts Albemarle County's concession that it did not prove that the appellant received actual notice that her license had been suspended for an indefinite term and remained suspended at the time of the instant offense.

Accordingly, the evidence in the record does not support the conviction for driving on a suspended license.

### III. CONCLUSION

Upon consideration of Albemarle County's concession that the evidence did not prove notice and after a review of the record and applicable law, the Court reverses the appellant's conviction and dismisses the charge against her. In light of this decision reversing the conviction, the Court does not reach the other arguments raised in this appeal.

Reversed and dismissed.